IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

JOEANN WHARTON
JOHN WHARTON

Criminal No. ELH-13-0043

**MEMORANDUM OPINION**

In this case, defendants Joeann and John Wharton have been charged with criminal misconduct in connection with their alleged improper receipt of various types of Social Security benefits from 1996 to 2012. *See* ECF 1 (Indictment of Ms. Wharton); ECF 19 (Superseding Indictment of both defendants). The case has been hotly contested, resulting in other judicial opinions and orders.[1]

This Memorandum Opinion concerns the search warrant executed on July 2, 2013, at the defendants' single family, two-story row home located on Utrecht Road in Baltimore, for which Ms. Wharton moved to suppress evidence recovered during the search. *See* ECF 37. The Motion to Suppress is the subject of an earlier Memorandum Opinion. *See* ECF 128.

Ms. Wharton contended in her Motion to Suppress that the search warrant was obtained in violation of her rights under the Fourth Amendment to the United States Constitution. She argued, *inter alia*, that Special Agent Mark Gray from the Social Security Administration's Office of the Inspector General omitted material information from his Affidavit submitted in

---

[1] *See* ECF 91, 92; 109, 110; 128, 129.

support of the application for the search warrant, and that, if included, the omitted information would have defeated probable cause to search the first and second floors of the house. Ms. Wharton relied on *Franks v. Delaware*, 438 U.S. 154 (1978), and other cases to support her position.

The Court held an evidentiary motions hearing on June 2 and June 3, 2014, and heard oral argument on July 1, 2014. On August 12, 2014, I issued a Memorandum Opinion and Order (ECF 128, 129), granting, in part, and denying, in part, Ms. Wharton's motion to suppress. Specifically, I ordered the suppression at trial of any evidence recovered from Ms. Wharton's bedroom, but denied the motion as to evidence found in the "common areas" of the house.[2] In the Memorandum Opinion, I wrote, ECF 128 at 31:

> In my view, Magistrate Judge Gallagher would not have issued the warrant with regard to Ms. Wharton's upstairs bedroom had she been presented with all of the information in Agent Gray's possession that was germane to the subject of the Whartons' living arrangements. However, I believe Magistrate Judge Gallagher would have issued the warrant with regard to the other areas of the house.

In my ruling, which upheld the search of all but one room, I did not specifically address the two other rooms on the second floor of the house. One room was previously occupied by the defendants' granddaughters. The other apparently serves as a den or small office. As mentioned in my earlier opinion, a full bathroom is located on the second floor; it is the only full bathroom in the house.

---

[2] To my knowledge, neither side ever submitted an inventory or any documentation reflecting the items that were recovered during the search or where in the house the items were found. As a result, I made my rulings without knowledge of what particular pieces of evidence are subject to suppression.

Neither party is satisfied with my ruling. On August 13, 2014, Ms. Wharton filed a Motion for Reconsideration ("Defense Motion," ECF 130), in which she (1) requests clarification as to "what the Court means by the 'common areas'" and (2) contends that the Court made an error of law by considering two pieces of evidence that did not appear in Agent Gray's Affidavit in support of the warrant request. Pursuant to an Order of the Court (ECF 131), the government filed a response to the Motion on August 21, 2014 ("Opp.," ECF 133). The government's response also included a "Request for Reconsideration" of the portion of the Court's ruling suppressing any evidence recovered from Ms. Wharton's upstairs bedroom. *Id.* For clarity, I shall refer to that portion of ECF 133 as "Gov't. Motion." Ms. Wharton filed a Reply on August 25, 2014. ECF 134.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, both motions will be denied.[3]

## Discussion

### I.

#### A.

Ms. Wharton requests "clarification of the terms 'common areas' and 'Ms. Wharton's bedroom.'" Defense Motion at 2. She states: "The question is which of those two phrases includes the bathroom[,] the den, and the one bedroom that the government believes was a spare bedroom." *Id.* In my discussion, I thought it plain that, by "common areas," I was referring to all areas of the Utrecht Road house *other than Ms. Wharton's bedroom on the second floor*. To put any ambiguity to rest, the common areas, in my view, include the second-floor bedroom

---

[3] In making my rulings here, I incorporate the findings of fact and the analysis set forth in ECF 128.

previously used by the Whartons' granddaughters; the office/den on that floor; and the upstairs bathroom. Therefore, any evidence recovered from the upstairs bathroom, office/den, and spare bedroom would not be subject to suppression.

B.

With regard to my denial of Ms. Wharton's motion to suppress as to the common areas of the home, Ms. Wharton claims that I committed an error of law by improperly considering certain information not contained in Agent Gray's Affidavit. In effect, the defense believes that the Court gave the government a second chance to submit its otherwise defective Affidavit.

As discussed in the Court's prior Memorandum Opinion, if an affiant omits material facts from a warrant application "'with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading,'" *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (citation omitted), and "inclusion [of the omissions] in the affidavit would defeat probable cause," *id.* at 301, then evidence recovered pursuant to the warrant must be suppressed. "Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of [a statement's] probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007) (quotations omitted). With respect to omissions, "'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* (quoting *Beauchamp v. City of Noblesville, Inc.*, 320 F.3d 733, 743 (7th Cir. 2003)).

I previously ruled that Agent Gray omitted material information from his Affidavit, pertaining to the Whartons' living arrangements at the Utrecht Road house, and that the omissions were made in reckless disregard of whether the omissions rendered the Affidavit misleading.  See ECF 128, ECF 129.  I also ruled that, had the omitted information been included in the Affidavit, it would have defeated probable cause to search Ms. Wharton's bedroom. However, I ruled that, despite the omissions, probable cause still would have existed to search the remainder of the house.  It is this latter conclusion with which Ms. Wharton disagrees.

Ms. Wharton points out that I relied on four pieces of evidence in reaching my conclusion that, even if the omitted information had been included in the Affidavit, probable cause existed to search the common areas of the house.  As she puts it, Defense Motion at 3, I considered the following:

> (1) the cable and utility bills; (2) John Wharton's presence in the dining room at the August 2012 interview; (3) an expanded version of Ms. Muriel's grand jury testimony indicating that John Wharton "occasionally. . . would come up to cook in the kitchen . . . But then the dining room and all of that is open up [sic] too"; and (4) the June 3, 2013, Lesean Wharton interview memorandum written by Agent Gray indicating that the Whartons had separate bedrooms but a shared common area.

At the outset, although Ms. Wharton claims the Court considered an "expanded version" of Ms. Muriel's grand jury testimony, it is important to note that the Court only considered the portions of the grand jury testimony of Ms. Muriel and Lesean Wharton that were submitted by Ms. Wharton in connection with the motions hearing.  See ECF 111-1 (Lesean Wharton); ECF 111-2 (Tasha Muriel).  See also Def. Hrg. Ex. 9.  Indeed, the Court was never provided with, nor has it ever reviewed, the complete grand jury testimony of Ms. Muriel or Lesean Wharton.

According to Ms. Wharton, reliance on items (3) and (4) above was improper because those pieces of evidence were not included in Agent Gray's Affidavit, which was submitted to Magistrate Judge Gallagher in support of the application for the search warrant. Ms. Wharton argues that the Court, in determining whether inclusion of omitted information would have defeated probable cause, may consider *only* (1) the information actually contained in the Affidavit and (2) the intentionally or recklessly omitted information. *Id.* at 5. According to Ms. Wharton, the Court may not consider any information known to the government that *supported* probable cause, if it was not actually included in the Affidavit. *Id.* Put another way, Ms. Wharton contends that the Court may not consider information known to the government but omitted from the Affidavit. *See United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983) ("The fact that probable cause did exist and could have been established by a truthful affidavit does not cure the error."); *United States v. McCain*, 271 F. Supp. 2d 1187, 1192 (N.D. Cal. 2003) ("It is also not the post hoc presentation of evidence absent from the affidavit that will support probable cause, but what is presented to the magistrate at the time he issues the warrant."). Ms. Wharton states, Reply at 8: "The *Franks* analysis is not some kind of judicial Mulligan where there is a grand post-warrant assessment of all available evidence in some effort to interpolate the initial issuing judge's state of mind had the government not recklessly withheld information."

The government disagrees with Ms. Wharton's description of the law, instead insisting that the Court may consider any evidence that was introduced at the *Franks* hearing, regardless of whether it was included in Agent Gray's Affidavit and regardless of which way it cuts. Opp.

at 2–6 (citing *United States v. Rajaratnam*, 719 F.3d 139, 155 (2d Cir. 2013)).[4] The government also suggests that, by failing to object to such evidence during the *Franks* hearing, Ms. Wharton waived any objection to the Court's consideration of evidence introduced at the hearing but not included in Agent Gray's Affidavit.

I need not resolve the parties' dispute over the scope of evidence that may be considered by the Court in determining whether Agent Gray's omissions were material, or the issue of waiver. Even if the law were as Ms. Wharton contends,[5] the outcome of this case would not change. To understand why, it is important to understand the nature of the evidence Ms. Wharton claims the Court should not have considered.

In support of her motion to suppress, Ms. Wharton submitted four pages of the grand jury testimony of her daughter, Tasha Muriel. ECF 111-2. Ms. Wharton argued that Ms. Muriel's testimony supported the fact that Mr. and Ms. Wharton lived separately within the Utrecht Road house, and that the government knew of this information when it sought the search warrant. For

---

[4] *Rajaratnam* discussed the scope of evidence that may be considered in determining whether an omission was reckless, which is a different inquiry than the inquiry into whether the omission was material. Moreover, the case is unhelpful to the government for another reason. The issue at the center of *Rajaratnam* was whether the failure to mention a collateral SEC investigation would have undermined the required showing of "necessity" under the Title III wiretap statute. As Ms. Wharton points out, the *Rajaratnam* Court, in finding that no reckless omission occurred, "did not base its ruling on [external] information that showed that the wiretap was necessary. The Court looked only to information in the affidavit itself." Reply at 6.

[5] It is not entirely clear that Ms. Wharton's view of the law is correct. In *United States v. McKenzie-Gude*, 671 F.3d 452 (4th Cir. 2011), in the context of a *Leon* issue, the Court said: "[W]e have consistently rejected the notion that reviewing courts may not look outside the four corners of a deficient affidavit when determining, in light of all the circumstances, whether an officer's reliance on the issuing warrant was objectively reasonable." *Id.* at 459. The Court added that "*Leon* presents no barrier to holding that . . . experienced officers . . . who swore out the affidavit and executed the search, acted with the requisite objective reasonableness when relying on uncontroverted facts known to them but inadvertently not presented to the magistrate." *Id.* at 460.

example, Ms. Muriel was asked before the grand jury: "And are your parents currently together, or are they separated." *Id.* She responded: "They live in the same house but in separate quarters, currently." *Id.* She was also asked whether her parents share a bedroom, and she responded: "No. To my knowledge, as far as I know, no, they're not." *Id.* at 15–16.[6] However, *on the very next page* of the grand jury transcript—indeed, on a page submitted as an exhibit by Ms. Wharton—Ms. Muriel qualified her testimony by stating that Mr. Wharton "occasionally" would cook in the first-floor kitchen and that once he was in the kitchen, "the dining room and all of that is open up, too." *Id.* at 17; *see* Def. Hrg. Ex. 9 at 17.

Ms. Wharton maintains that the Court was only permitted to consider the portions of Ms. Muriel's testimony that supported the notion that Mr. and Ms. Wharton lived separately, but was required to ignore the contemporaneous testimony that they shared certain areas of the house. In other words, Ms. Wharton claims that the Court must take Ms. Muriel's testimony out of the context in which it was provided and must ignore the qualifications that followed certain answers. Ms. Wharton overlooks that she submitted the portion of the testimony that she now maintains the Court should not have considered. And, her current position flies in the face of the rule of completeness, because it would require the Court to ignore related testimony of Ms. Muriel. *Cf. United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014) ("[A] trial court, in applying the rule of completeness, may allow into the record relevant portions of [otherwise] excluded testimony which clarify or explain the part already received, in order to prevent a party from misleading the jury by failing to introduce the entirety of the statement or document." (internal quotation marks omitted), *cert. denied,* ____ U.S. ____, 134 S. Ct. 2737 (2014). It

---

[6] The page numbers correspond to the page numbers on the grand jury testimony, although the Court was only provided with a few pages of such testimony.

would also force the Court to engage in an inquiry about whether the Magistrate Judge would have issued a warrant if the Affidavit had included out-of-context snippets of testimony. That cannot be the law.

The same rationale disposes of Ms. Wharton's objection to the Court's consideration of portions of Agent Gray's June 3, 2013 Report of Investigation ("ROI") dated June 3, 2013. *See* ECF 37-8. The ROI contains Agent Gray's notes following an interview with the Whartons' son, Lesean Wharton. Ms. Wharton submitted the ROI as an exhibit, and asked the Court to consider Agent Gray's notation that, according to Lasean Wharton, his parents "live in the same house, but from what he can tell his mother sleeps in the bedroom and his dad sleeps in the basement." *Id.* at 2; *see* Def. Hrg. Exh. 4. Yet, Ms. Wharton insists that the Court must ignore *the very next sentence* of the ROI, which states that Lasean Wharton also told Agent Gray that his parents "share a kitchen and common areas." *Id.*

It may be the law that the Court may not go searching for documents and records that were neither included in the warrant Affidavit nor proffered by the defendant. However, such a rule surely would not preclude the Court from considering evidence offered by the defendant that places into context the very statements upon which the defendant relies in challenging the Affidavit.

Accordingly, I will deny Ms. Wharton's Motion for Reconsideration.

## II.

The government's Motion for Reconsideration is simply a repeat of the arguments the government made in connection with the *Franks* hearing. The government does not identify an error of law or any new factual matter; it simply disagrees with my ruling.

Among other things, the government argues that Agent Gray did not act with reckless disregard by failing to include information known to him that suggested the Whartons did not share a marital bedroom. In support of its position, the government cites *Miller v. Prince George's County,* 475 F.3d 621, 627 (4th Cir. 2007), in which the Court said: "Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of [a statement's] probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Yet, the government failed to include another relevant statement by the Court in that opinion, which is apt here: "With respect to omissions, 'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* (citation omitted).

I am mindful that an affidavit in support of a search warrant need not include every item of exculpatory information. *See, e.g., United States v. Colkley,* 899 F.3d 297, 299-301 (4th Cir. 1999); *Simmons v. Doe*, 47 F.3d 1370, 1384 (4th Cir. 1995). And, I realize that "the truthfulness of a *witness* statement is irrelevant as to whether *affiants'* statements were truthful." *Evans v. Chambers*, 703 F.3d 636, 650 (4th Cir. 2012) (emphasis in original). But, by way of analogy, a good faith analysis under *Leon* requires "an assessment of an officer's objective reasonableness that cannot 'turn on the subjective good faith of individual officers.'" *United States v. McKenzie-Gude*, 671 F.3d 452, 400 (4th Cir. 2011). In the same way, a law enforcement agent must have an objectively reasonable basis to dispute the credibility of witnesses whose facts are inconsistent with the government's view of its investigation. Agent Gray's assertion that he did not believe certain portions of the grand jury testimony of the adult Wharton children—the

portions favorable to defendants, which also happened to be relevant to the application for the search warrant for the entire house—does not withstand scrutiny, for the reasons stated in my prior Memorandum Opinion. *See* ECF 128. Simply put, the agent's pronouncement that the adult children of the Whartons were credible, *except* as to their statements concerning their parents' living arrangements, must be based on more than was offered here as the justification for not disclosing that information to the magistrate judge.

Regardless of Agent Gray's conclusion or belief that Tasha Muriel and Lesean Wharton were untruthful in their grand jury testimony as to the way in which their parents resided within the house, the government failed to inform Judge Gallagher of information obtained from the adult children of the defendants, of which the neutral magistrate judge should have been made aware. In my view, had the omitted information been disclosed in the Affidavit, Judge Gallagher would not have found probable cause to search the bedroom of Ms. Wharton for evidence relating solely to John Wharton's use of the identity of James Wharton; nothing in the Affidavit otherwise satisfied the particularity requirement of the Fourth Amendment with respect to Ms. Wharton's bedroom.

Accordingly, the government's argument is rejected, for the reasons expressed in my prior Memorandum Opinion.

## Conclusion

I am satisfied that I did not err by considering the testimony and statements of the defendants' adult children that qualified the portions of their testimony and statements relied upon by the defense. Moreover, I do not believe that Magistrate Judge Gallagher would have issued the search warrant with respect to Ms. Wharton's upstairs bedroom if Agent Gray had

included in his Affidavit key information known to the government, as discussed above. Accordingly, both motions for reconsideration will be denied.

A separate Order follows.

Date: August 26, 2014                                  /s/
                                              Ellen Lipton Hollander
                                              United States District Judge