FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 FEB -2 PM 3: 20

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 2, 2015

MEMORANDUM TO COUNSEL

    Re:    *United States v. Wharton, et al.*
           Criminal No.: ELH-13-0043

Dear Counsel:

    This Memorandum was dictated on Friday, January 30, 2015, in response to recent filings by the parties, addressed, *infra*. Unfortunately, due to the lateness of the hour on Friday, and weather delays this morning, my assistant was not able to prepare it for me until now.

    As you know, after a contentious trial, defendant Joeann Wharton was found guilty by a jury on October 27, 2014, as to Counts One, Four, and Five of the Superseding Indictment, and defendant John Wharton was convicted of Counts One and Five. Prior to trial, on September 11, 2014, Mr. Wharton had pled guilty to Count Six.

    As to Ms. Wharton, a sentencing order was entered on October 24, 2014, scheduling her sentencing for February 6, 2015. *See* ECF 185. Similarly, on October 24, 2014, the Court entered a sentencing order for Mr. Wharton, setting his sentencing for February 20, 2015. *See* ECF 186. In other words, the sentencing dates have been pending for more than three months.

    In ECF 200, a letter from the government to the Court dated October 31, 2014, the government stated, in part: "The Government will likely be submitting a request for a money judgment which we will be asking Defense Counsel to sign." It was also noted that, if the parties could not agree, then, pursuant to F. R. Crim. P. 32.2(b)(1)(B), the parties contemplated asking the Court to conduct a hearing on the issue, either before or at sentencing. *See* ECF 200 at 2.

    At 6:08 p.m. on Wednesday, January 28, 2015, some three months after the jury verdict in this case, and just eight days before Ms. Wharton's sentencing, the government filed a "Motion Of The United States For A Preliminary Order Of Forfeiture" ("Forfeiture Motion"). ECF 223. In the Forfeiture Motion, the government requests a money judgment against defendants in the amount of $536,332. The defense response is not due until after Ms. Wharton's sentencing.

    Nevertheless, on January 29, 2015, defendants responded with a motion asking the Court, *inter alia*, to deny ECF 223 on the ground that the Forfeiture Motion is untimely. *See* ECF 224. Alternatively, defendants ask the Court to schedule a forfeiture hearing, pursuant to F. R. Crim.

P. 32.2(b)(1)(D), and note that a postponement of the sentencings may be necessary. ECF 224 at 4. Understandably, defendants did not yet address the legal and factual issues in the Forfeiture Motion.

Then, on Friday, January 30, 2015, at 3:45 p.m., the government filed a "Motion of the United States For An Order of Restitution" ("Restitution Motion"). ECF 225. In the Restitution Motion, the government has moved, under 18 U.S.C. §§ 3663A and 3664, for an order of restitution totaling $536,332.

As to both of its motions, the government did not provide any explanation for the timing (or tardiness) of its motions, even though verdicts were entered against defendants some 90 days earlier.

F. R. Crim. P. 32.2 is titled "Criminal Forfeiture." F. R. Crim. P. 32.2(b)(1)(A) provides, in pertinent part: "*As soon as practical* after a verdict or finding of guilty, or after a plea of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." (Emphasis added). Moreover, F. R. Crim. P. 32.2(b)(1)(B) provides, in part: "If the forfeiture is contested, on either party's request, the court *must* conduct a hearing after the verdict or finding of guilty." (Emphasis added).

Rule 32.2(b)(2) is also pertinent. It states, in part: "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, . . . . " And, Rule 32.2(b)(2)(B) states: "Unless doing so is impractical, the court *must* enter the preliminary order *sufficiently in advance of sentencing* to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant. . . ." (Emphasis added). Further, Rule 32.2(b)(4) provides: "At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant."

In sum, to the extent there is a dispute among the parties as to forfeiture, it must be resolved at or before sentencing. And, the defendants are entitled to a hearing, if requested. Yet, inexplicably, the government waited until the proverbial eleventh hour, i.e., about 90 days after the verdicts and a little more than a week prior to Ms. Wharton's sentencing, to request forfeiture and restitution of almost a half million dollars. The timing virtually forecloses the opportunity of defendants to contest meaningfully the proposed forfeiture prior to Ms. Wharton's sentencing. And, the belated filing does not allow the Court to issue a preliminary order "sufficiently in advance of sentencing . . .," as required by the F. R. Crim. P. 32.2. Indeed, the government seems to assume that both the Court and defense counsel have no other obligations, and can immediately attend to the serious issues raised in the motions, in advance of Ms. Wharton's sentencing on Friday, February 6, 2015.

In view of the foregoing, I wish to hold a telephone conference with counsel as soon as possible. Please contact Chambers to schedule the conference.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge